# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOEL ROBINSON,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0376**  (BOR Appeal No. 2048924)
(Claim No. 2006060724)

**JIM CONSTRUCTION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joel Robinson, by William Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jim Construction, Inc., by Marion Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 27, 2014, in which the Board affirmed a November 5, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 1, 2013, decision denying Mr. Robinson's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Robinson was seriously injured on November 3, 2006, when he fell from a great height while participating in the construction of a bridge. On December 13, 2007, Robert Walker, M.D., performed an independent medical evaluation to determine the amount of Mr. Robinson's whole person impairment arising from the November 3, 2006, injury. Dr. Walker opined that Mr. Robinson sustained 14% whole person impairment as a result of injuries to the central nervous system, 12% whole person impairment as a result of range of motion abnormalities arising from a left femur fracture, 10% whole person impairment as a result of

1

dysphagia and esophageal dismotility, 8% whole person impairment as a result of range of motion impairment arising from a right humerus fracture, 8% whole person impairment as a result of range of motion abnormalities arising from a fractured right tibia, 5% whole person impairment as a result of severe tracheostomy scarring, and 5% whole person impairment as a result of traumatic diabetes insipidus, for a total of 48% whole person impairment.[1] Dr. Walker noted that his recommendation excludes any potential impairment arising from hearing loss, vision loss, or psychiatric conditions.

Bruce Guberman, M.D., performed an independent medical evaluation on July 23, 2008. Dr. Guberman opined that Mr. Robinson sustained 7% whole person impairment as a result of a closed head injury with altered mental status, 9% whole person impairment as a result of impaired function and coordinated activities in the right upper extremity, 5% whole person impairment as a result of traumatic diabetes insipidus, 5% whole person impairment as a result of an underactive thyroid gland, 11% whole person impairment as a result of range of motion abnormalities in the right elbow and right shoulder, 12% whole person impairment as a result of range of motion abnormalities in the right lower extremity, 13% whole person impairment as a result of range of motion abnormalities in the left lower extremity, 5% whole person impairment as a result of multiple scars arising from surgical procedures, and 5% whole person impairment arising from esophageal spasm, for a total of 50% whole person impairment.

Mr. Robinson received a 50% permanent partial disability award based upon Dr. Guberman's evaluation. Additionally, he received a 6% permanent partial disability award as a result of vision impairment in the right eye and a 3% permanent partial disability award as a result of loss of the sense of smell and taste. After amassing more than 50% in permanent partial disability awards, Mr. Robinson filed an application for a permanent total disability award on December 28, 2011.

Joseph Grady, M.D., performed an independent medical evaluation on February 22, 2012. He noted that Mr. Robinson's condition has significantly improved following the 2007 and 2008 independent medical evaluations, with Mr. Robinson exhibiting a normal range of motion in both upper extremities, the cervical spine, and the lower back. Additionally, he noted that Mr. Robinson exhibits normal range of motion in both lower extremities with the exception of the right ankle. Dr. Grady opined that Mr. Robinson sustained 14% whole person impairment as a result of altered mental status following a traumatic brain injury, 3% whole person impairment as a result of traumatic anosmia, 5% whole person impairment as a result of a residual pelvic deformity, 3% whole person impairment as a result of loss of range of motion in the right ankle, 5% whole person impairment as a result of post-traumatic diabetes insipidus, 5% whole person impairment as a result of right eye ptosis, and 5% whole person impairment as a result of multiple residual scars, for a total of 34% whole person impairment. Dr. Grady noted that his recommendation excludes potential impairment arising from injuries to the right eye. On April

_____

[1] Although Dr. Walker opined that Mr. Robinson sustained a total of 48% whole person impairment, the claims administrator determined that Dr. Walker erroneously calculated the amount of whole person impairment as 48% and reported the corrected calculation at 46% whole person impairment.

17, 2012, Bobby Miller, M.D., performed a forensic neuropsychiatry evaluation and opined that Mr. Robinson sustained 2% whole person impairment as a result of minimal residual cognitive impairment.

On April 1, 2013, the claims administrator denied Mr. Robinson's request for a permanent total disability award in reliance upon the Permanent Total Disability Review Board's conclusion that Mr. Robinson failed to satisfy the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award pursuant to West Virginia Code § 23-4-6(n)(1) (2005). In its Order affirming the April 1, 2013, claims administrator's decision, the Office of Judges held that the evidence of record fails to establish that Mr. Robinson has met the statutory 50% whole person impairment threshold necessary for further consideration of a permanent total disability award. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated March 27, 2014. On appeal, Mr. Robinson asserts that the evidence of record demonstrates that he sustained more than 50% whole person impairment as a result of his compensable injuries.

Mr. Robinson amassed more than 50% in prior permanent partial disability awards, which makes his application for a permanent total disability award reviewable by the Permanent Total Disability Review Board pursuant to West Virginia Code § 23-4-6(n)(1). Further, West Virginia Code § 23-4-6(n)(1) mandates that the Permanent Total Disability Review Board re-evaluate Mr. Robinson for the purpose of determining whether he has sustained a minimum of 50% whole person impairment as a result of his compensable injuries. The April 1, 2013, claims administrator's decision clearly shows that Mr. Robinson was evaluated by the Permanent Total Disability Review Board, and that the Permanent Total Disability Review Board determined that he did not sustain the requisite 50% whole person impairment. However, as noted by the Office of Judges, neither the initial nor the final recommendations of the Permanent Total Disability Review Board were submitted into evidence. Moreover, Mr. Robinson has not alleged that the findings of the Permanent Total Disability Review Board are in any way flawed. In the absence of the Permanent Total Disability Review Board's recommendations from the evidentiary record, the Office of Judges considered the reports of Drs. Walker, Guberman, and Grady submitted by Mr. Robinson in support of his appeal. The Office of Judges found that Dr. Grady's February of 2012 evaluation represents the most current and comprehensive evaluation of Mr. Robinson's permanent impairment arising from the November 3, 2006, injury and therefore determined that his recommendation of 34% whole person impairment merits determinative evidentiary weight. The Office of Judges specifically noted that Dr. Grady's findings indicate that Mr. Robinson's range of motion deficits have significantly improved following the 2007 evaluation performed by Dr. Walker and the 2008 evaluation performed by Dr. Guberman. Finally, the Office of Judges found that even with the inclusion of the additional impairment for the right eye and residual cognitive impairment, Mr. Robinson still fails to reach the requisite 50% whole person impairment threshold. We agree with the reasoning and conclusions of the Office of Judges as affirmed and adopted by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum